CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 09 2017

JULIA C. DUDLEY, CLERK
BY: HMcDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**TORYANO LEMENT BABB,**
    Petitioner,

Civil Action No. 7:17-cv-00173

v.

MEMORANDUM OPINION

**C. RATLEDGE,**
    Respondent.

By:  Hon. Jackson L. Kiser
     Senior United States District Judge

Toryano Lement Babb, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that his incarceration is unconstitutional because the sentencing court lacked jurisdiction. Petitioner was not sentenced by this court but is presently confined at a correctional facility within this district. This matter is before me for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.[1] After reviewing Petitioner's submission, I conclude that Petitioner fails to demonstrate an entitlement to relief via § 2241, and I dismiss the petition without prejudice.

### I.

Petitioner alleges that he is unlawfully imprisoned because the United States did not have jurisdiction over the "land(s) of where the alleged crime(s) occurred pursuant to Title 40 U.S.C. Section 3112(b)." Petitioner further alleges that his imprisonment violates the Constitution, federal statutes, and Adams v. United States, 319 U.S. 312, 312 (1943). Petitioner seeks immediate release from incarceration.

### II.

A district court may not entertain a § 2241 petition attempting to invalidate a conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an

---

[1] Rule 1(b) permits a court to apply the Rules for § 2254 Cases to a § 2241 habeas petition, and Rule 4 permits a court to dismiss a habeas petition when it plainly appears that a petitioner is not entitled to relief.

inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner fails to address the savings clause or how he is entitled to relief via § 2241 for alleged defects in the criminal judgment. Accordingly, Petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his convictions, his claims cannot be addressed under § 2241, and the petition must be dismissed.

### III.

In conclusion, I dismiss the § 2241 petition without prejudice because Petitioner fails to demonstrate an entitlement to relief.

ENTER: This 9th day of June, 2017.

*/s/ Jackson L. Kiser*
Senior United States District Judge